UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THOMAS JONES,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER BRIAN
MCCARTHY, tax # 951982, POLICE OFFICER
MICHAEL COLUCCI, shield # 17431, SERGEANT
MING ZHENG, shield # 04340, JOHN AND JANE DOES
1-3,

                                  Defendants.

**FIRST AMENDED COMPLAINT**

CV 13 4404 (FB) (MDG)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action against the City of New York and several New York City Police Officers alleging that, on March 9, 2013, defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by falsely arresting him and using unreasonable force on him.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery,

and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## NOTICE OF CLAIM

5. A notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

6. The City conducted a 50-h hearing on June 28, 2013.

7. This action is brought within one year and ninety days of the arrest of plaintiff.

## PARTIES

8. Plaintiff is a resident of the State of New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

11. On March 9, 2013, at approximately 1:00 p.m., plaintiff was standing outside of a deli located on the corner of Ditmas Avenue and Flatbush Avenue in Brooklyn smoking a cigarette waiting for a sandwich to be made.

12. At all relevant times, plaintiff was obeying the law.

13. Suddenly, the defendant police officers pulled up in a police car, approached plaintiff, seized plaintiff without cause and used unreasonable force on plaintiff by pushing him against a wall, tackling him to the ground, pushing knees into his back, twisting his arms and handcuffing him excessively tight.

14. The defendants put plaintiff in a police van and took him to the 70th Precinct.

15. While in custody, plaintiff asked the defendants what he was being charged with and the defendants responded with profanity and other verbal abuse.

16. In the precinct, defendants, acting in concert, falsely charged plaintiff with committing various crimes.

17. Plaintiff was eventually taken to Brooklyn Central Booking.

18. While plaintiff was held in Brooklyn Central Booking, defendants, acting in concert, misrepresented to prosecutors that plaintiff had committed various crimes.

19. Defendant McCarthy swore to the accuracy of a criminal court complaint falsely charging plaintiff with disorderly conduct, resisting arrest and consumption of alcohol in public.

20. On March 10, 2013, at approximately 3:00 p.m., plaintiff was arraigned in criminal court and the charges were adjourned in contemplation of dismissal.

21. After being released from custody, plaintiff went to Kings County Hospital for medical treatment.

22. As a result of defendants' use of unreasonable force, plaintiff's right wrist presently makes a clicking sound when plaintiff moves his wrist. During plaintiff's 50-h hearing, the City's attorney heard the clicking sound and put her observation on the record.

23. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for over 24 hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, pain, swelling, bruising and permanent injuries to his right wrist.

## FIRST CLAIM
### (FALSE ARREST UNDER FEDERAL LAW)

24. Plaintiff repeats the foregoing allegations.

25. At all relevant times, plaintiff did not commit a crime or violation.

26. Despite plaintiff's innocence, the defendants arrested plaintiff.

27. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM
### (UNREASONABLE FORCE)

28. Plaintiff repeats the foregoing allegations.

29. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

30. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM
### (FAILURE TO INTERVENE)

31. Plaintiff repeats the foregoing allegations.

32. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

33. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

34. Plaintiff repeats the foregoing allegations.

35. At all relevant times, plaintiff did not commit a crime or violation.

36. Despite plaintiff's innocence, the defendants arrested plaintiff.

37. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## FIFTH CLAIM

### (ASSAULT)

38. Plaintiff repeats the foregoing allegations.

39. Defendants' use of force upon plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

40. Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## SIXTH CLAIM

### (BATTERY)

41. Plaintiff repeats the foregoing allegations.

42. Defendants' acts of force upon plaintiff were offensive and nonconsensual physical contacts which injured him.

43. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## SEVENTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

44. Plaintiff repeats the foregoing allegations.

45. Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

46. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: December 18, 2013

/s/

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)